**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:13-CR-00020-MAC** |
| | § | |
| | § | |
| **JEFFERY PAUL JONES** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 26, 2026, alleging that Defendant, Jeffery Paul Jones, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

## I. The Original Conviction and Sentence

Jeffery Paul Jones was sentenced on January 6, 2014, before the Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 50 grams or more of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Jones was subsequently sentenced to 162 months' imprisonment followed by a 4 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; mental health aftercare; and a $100 special assessment.

## II. The Period of Supervision

On July 31, 2015, the original term of imprisonment was reduced to 137 months. On March 13, 2024, Jones completed his period of imprisonment and began service of the initial supervision term.

On July 24, 2024, the original term of supervised release was revoked, and Jones was sentenced to 10 months' imprisonment followed by 3 years supervised release, subject to the same conditions of supervision. On May 15, 2025, Jones completed this period of imprisonment and began service of the subsequent supervision term.

On August 13, 2025, the subsequent term of supervised release was revoked, and Jones was sentenced to 12 months' imprisonment followed by 3 years supervised release, subject to the same conditions of supervision. On July 28, 2026, Jeffery Jones completed this period of imprisonment and began service of the current supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Jones violated the following conditions of release:

Allegation 1. You must refrain from any unlawful use of a controlled substance.

## IV. Proceedings

On September 18, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation. Defendant agreed to plead "true" to the first allegation that claims he failed to refrain from the use of a controlled substance by testing positive for methamphetamine on August 13, 2026, which was confirmed by a lab test on August 21, 2026. In return, the parties agreed that he should serve a term of 21 months' imprisonment with no supervised release to follow.

**V. Principles of Analysis**

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

Based on 5th Circuit case law, (*U.S. v. Courtney*, 979 F.2d 45 (5th Cir.1992)), the court can find that illicit drug use constitutes possession. The court finds by a preponderance of the evidence that Jones violated his conditions of supervised release by failing to refrain from the use of a controlled substance by testing positive for methamphetamine on August 13, 2026, which was

confirmed by a lab test on August 21, 2026. Therefore, he also possessed methamphetamine, and is therefore in violation of Texas Health and Safety Code § 481.115 and guilty of committing a Grade B violation. U.S.S.G. § 7C1.3(b) indicates that upon a finding of a Grade B violation; revocation is often appropriate.

U.S.S.G. § 7C1.5[1], provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the policy statement imprisonment range is 21 to 27 months.

U.S.S.G. § 7C1.5, Application note 2, states that upon a finding that a defendant violated a condition of supervised release by being in possession of a controlled substance or firearm or by refusing to comply with a condition requiring drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment pursuant to 18 U.S.C. § 3583(g).

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.3(b) indicates upon a finding of a violation for which revocation is required by statute (18 U.S.C. § 3583(g)), the court shall revoke supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the use of a controlled substance by testing positive for methamphetamine on August 13, 2026, which was confirmed by a lab test on August 21, 2026. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory

sentencing factors will best be served by a prison sentence of 21 months with no supervised release to follow.

### VII. Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from the use of a controlled substance by testing positive for methamphetamine on August 13, 2026, which was confirmed by a lab test on August 21, 2026. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 21 months' imprisonment with no supervised release to follow. Defendant requested to serve his prison term at the BOP's FMC in Fort Worth, Texas due to his medical conditions. Defendant's request should be accommodated, if possible.

### VIII. Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 18th day of September, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE